# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

JAMES A. HAUSER,

        Plaintiff,

v.                                          Case No. 08-CV-321

MICHAEL J. ASTRUE,
Commissioner, Social Security Administration,

        Defendant.

_____

## ORDER

On March 16, 2009, this court issued an order vacating portions of the decision of the Commissioner of Social Security ("the Commissioner") that denied plaintiff James Hauser's ("Hauser") application for disability benefits and remanding the case to the agency for further proceedings. Hauser now seeks an award of attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the total amount of $5,860.63. The motion is now before the court for decision.

Under the EAJA, the prevailing party in litigation against the federal government is entitled to attorneys' fees if: (1) the government's pre-litigation or litigation positions were not substantially justified; (2) no special circumstances exist that would make an award unjust; and (3) the request is timely filed with the district court. *See Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006) (citing 28 U.S.C. §2412(d)(1)(A), (B); *Krecioch v. United States*, 316 F.3d 684, 688 (7th Cir.

2003)). The Commissioner bears the burden of showing his positions were substantially justified. *Id.* at 864 (citations omitted). The government's position includes both the agency's conduct during the administrative proceeding and its position during litigation. *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). The government's position is substantially justified if it has reasonable factual and legal bases, and a reasonable connection exists between those factual and legal bases. *Cunningham*, 440 F.3d at 864. (citations omitted). Here, the Commissioner does not challenge the timeliness of Hauser's motion or his calculation of the fee amount, but rather, argues only that the agency's position was substantially justified.

Hauser argues that the government's position is not substantially justified based on the errors this court identified in the ALJ's decision, the government's failure to follow judicial precedent, and the government's reliance on post hoc arguments. The government responds that its position was substantially justified, evidenced by the fact that the court agreed with a large number of the government's arguments. The government further argues that the errors identified by the court were minor and the ALJ did not employ an improper methodology overall.

A court order vacating an ALJ's decision does not automatically entitle a plaintiff to attorneys' fees under the EAJA. The court applies a different standard when reviewing the decision of the Commissioner than when deciding whether a prevailing plaintiff is entitled to have the government pay his attorneys' fees. A substantial evidence standard governs review of the merits of a Social Security

eligibility decision, while a substantial justification standard governs Hauser's ability to recover fees. *Cummings v. Sullivan*, 950 F.2d 492, 498 (7th Cir. 1991).

A lack of substantial justification does not always exist where the court remands a case to the Commissioner, however, the court finds that the government's position was not substantially justified in the instant case. As the government points out, the court agreed with a large number of its arguments and rejected a number of Hauser's arguments. However, this is not conclusive evidence of substantial justification. Indeed, Hauser need not prevail on a majority of the issues to merit an award of fees under the EAJA. Substantial justification is not as simple as counting up the number of successful arguments made by each party and declaring that side the winner. *See Mallette v. Sullivan*, No. 87 C 4873, 1990 WL 19894, at *3-5 (N.D. Ill. Feb. 15, 1990) (rejecting argument counting as a method of determining substantial justification for the government's position); *see also Harris v. Astrue,* No. 2:06-CV-222-PRC, 2008 WL 410577, at *4 (N.D. Ind. Feb. 11, 2008) (stating that courts of this district disfavor the strategy of counting successful arguments to determine substantial justification). The important consideration is whether the government's positions had reasonable factual and legal bases. Though the court found certain aspects of the ALJ's decision to be supported by substantial evidence, the court finds that the government's position was not wholly justified.

-3-

The court vacated and remanded portions of the ALJ's decision denying Hauser disability benefits because the ALJ's step four evaluation was inadequate. The ALJ wrongly determined that Hauser could perform his past work as a security guard without first considering the specific requirements of that position and Hauser's ability to fulfill the requirements. Therefore, the ALJ's conclusion that Hauser is ineligible for benefits based on a step four evaluation is not supported by substantial evidence. The fact that the court rejected Hauser's other arguments attacking the ALJ's step four evaluation is irrelevant. The court ultimately concluded that the ALJ's analysis was flawed. Indeed, an ALJ cannot proclaim a petitioner capable of performing past work without looking at the physical and mental demands of the work and evaluating whether the petitioner is capable of meeting those demands. Thus, the ALJ's conclusion that Hauser can work as a security guard without conducting this necessary inquiry is not substantially justified and undermines the finding that Hauser is not disabled.

Though the ALJ's inadequate step four evaluation itself renders the government's position not substantially justified, the court also noted other shortcomings in the agency's proceedings and opinion. The court found that the ALJ conducted an inadequate step three analysis by failing to account for Hauser's diabetes mellitus. The court also determined that the ALJ wrongly considered Hauser's past employment as a machine operator to be past relevant work. Further the ALJ failed to inquire of the vocational expert whether his testimony complied with

the Dictionary of Occupational Titles, in violation of Social Security Ruling 00-4p. Finally, the ALJ misstated the vocational expert's testimony regarding Hauser's ability to perform his past relevant work. These shortcomings in the ALJ's analysis and decision, in combination with the inadequate step four evaluation, convince the court that Hauser merits an award of attorneys' fees under the EAJA.

The government's position is not substantially justified when considered in its entirety. Therefore, the court will grant Hauser's motion for EAJA fees. The court will also grant Hauser's request for additional fees involving preparation of the responsive brief.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for attorneys' fees (Docket #25) be and the same is hereby **GRANTED**; the defendant shall pay the plaintiff's attorneys' fees in the amount of $5,860.63 directly to plaintiff's counsel, David F. Traver, pursuant to the fee agreement filed with the court.

Dated at Milwaukee, Wisconsin, this 20th day of August, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge